ON REHEARING

Panel composed of Judges SUSAN M. CHEHARDY, MARC E. JOHNSON, and HANS J. LILJEBERG.
HANS J. LILJEBERG, Judge.
IsThis case is before the Court on the plaintiffs/appellants’ application for rehearing. In our original opinion dated May 23, 2013, we affirmed the trial court’s grant of summary judgment in favor of defendant, Hunt Tool Company, and its insurers. Specifically, we affirmed on procedural grounds, finding that the plaintiffs’ evidence was not admitted at the hearing on summary judgment as was required by La. C.C.P. art. 966(E). Plaintiffs’ application for rehearing asks this Court to reconsider its judgment on procedural grounds and points out to the Court that plaintiffs did attempt to offer, file, and introduce their evidence at the close of the hearing. After a re-examination of the transcript, it does appear that the plaintiffs did offer, file, and introduce their exhibits; however, the trial judge became distracted and did not formally grant the admission of the evidence. We note that the record does not list the exhibits as admitted.
|4Notwithstanding, upon reconsideration, we find that plaintiffs properly moved to admit the exhibits attached to their motion for summary judgment. Defendants did not contemporaneously object to the admission. Moreover, it is clear from the trial court’s oral reasons for judgment that *734 it considered all admissible evidence presented by both the plaintiffs and the defendants. Consequently, based on the entirety of the circumstances, we find plaintiffs’ exhibits admitted.
When considering the plaintiffs’ evidence on rehearing, however, we do not find upon de novo review that the plaintiffs produced factual support adequate to establish that they will be able to satisfy the evidentiary burden at trial as required by La. C.C.P. art. 966(C). We find, as did the trial court, that plaintiffs failed to produce factual support that Hunt Tool Company provided Ms. Cook’s father with asbestos gloves, or that if supplied by Hunt Tool Company, that the gloves were in fact asbestos. Therefore, without sufficient evidence to support the plaintiffs’ claim that Hunt Tool Company provided Ms. Cook’s father with an asbestos vest and gloves, we cannot find that there is a genuine issue of material fact as to Hunt Tool Company’s contribution of asbestos exposure to Catherine Cook. Accordingly, upon de novo review of the merits of the motion for summary judgment, we affirm summary judgment in favor of defendants.

DECREE

Considering the foregoing, summary judgment granted in favor of defendants, One Beacon America, United States Fidelity and Guaranty Company, The Standard Fire Insurance Company and Travelers Casualty and Surety Company, is affirmed.

REHEARING GRANTED FOR CLARIFICATION; JUDGMENT AFFIRMED